**JS-6**
**LINK: 5**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-01441 GAF (AJWx) | Date | October 26, 2010 |
|---|---|---|---|
| Title | Marlon M Gallardo et al v. Wells Fargo Bank NA et al | | |

| Present: The Honorable | **GARY ALLEN FEESS** | |
|---|---|---|
| Renee Fisher | None | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** (In Chambers)

<u>**ORDER RE: MOTION TO DISMISS**</u>

**I. INTRODUCTION**

     Plaintiffs Gallardo and Beltran bring suit against Wells Fargo, arising out of the bank's efforts to foreclose on their mortgage loan. Wells Fargo moves to dismiss. The principal issues raised in the motion are whether Plaintiffs have adequately pled their two federal claims brought under the Truth in Lending Act ("TILA") and the Home Affordable Modification Program ("HAMP"). As discussed in greater detail below, the Court concludes that because the TILA claim is time-barred and Plaintiffs have no private cause of action for the alleged violation of HAMP, Defendants' claims should be dismissed without leave to amend. Finally, pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Plaintiffs' state law cause of action under California Civil Code section 2923.5.

**II. BACKGROUND**

**A. FACTS**

     Plaintiff Marlon Gallardo ("Gallardo") is the owner of real property located at 357 E. Fromer Street, City of Rialto, California ("the Property"). (Docket No. 1, Not., Ex. 1, [Compl. ¶ 1].) Plaintiff George Beltran ("Beltran") is Gallardo's cousin and silent partner in the acquisition of the Property. (<u>Id.</u>) The subject of this dispute pertains to the bank's efforts to foreclose on the Property under a deed of trust securing a loan obtained by Gallardo on February

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-01441 GAF (AJWx) | Date | October 26, 2010 |
|---|---|---|---|
| Title | Marlon M Gallardo et al v. Wells Fargo Bank NA et al | | |

13, 2007.  On that date, Gallardo, as borrower, executed and delivered to World Savings Bank, FSB ("World Savings") a promissory note in the amount of $290,000, which was secured by a deed of trust naming World Savings as the beneficiary.  (Id. ¶¶ 5-6.)  Defendant Wells Fargo Bank, N.A. ("Wells Fargo") succeeded to World Saving's interest in the note and trust deed, and on May 19, 2010, substituted Defendant ETS Services, LLC ("ETS") as trustee in place of Golden West Savings Association.  (Id., Ex. 2, [Ex Parte Application, Ex. A at 2].)

By April 29, 2010, Gallardo, who had become seriously delinquent on the loan, owed Wells Fargo $22,702.76 in unpaid installments, and ETS recorded a formal notice of default.  (Id. ¶ 7.)  When Gallardo failed to cure, ETS on July 29, 2010, gave Gallardo notice of trustee's sale.  (Id., Ex. 2, [Ex Parte Application, Ex. A at 1].)  Pursuant to this notice, the Property was to be sold at a public auction on August 26, 2010.  (Id.)

On August 13, 2010, Gallardo and Beltran (collectively "Plaintiffs") filed suit against Defendants Wells Fargo and ETS (collectively "Defendants"), in San Bernardino Superior Court seeking: (1) declaratory relief, (2) injunctive relief, and (3) accounting.  (See generally Id.)  Plaintiffs' claims were based on alleged violations of TILA, HAMP and California Civil Code § 2923.5.  On September 10, 2010, Defendants removed the case to this Court.  (Docket No. 1, Not.)

**B.  THE COMPLAINT**

In the pending complaint, Plaintiffs assert that ETS, as trustee, violated California Civil Code section 2923.5 because it failed to contact Plaintiffs "to explore all options available to avoid a foreclosure, or give them the opportunity to meet face to face within 14 days with one of their representatives . . . ."  (Compl. ¶ 2.)  Plaintiffs also claim that Wells Fargo violated TILA when it understated their finance charges by $2,000.  (Id. ¶ 5.)  Finally, in an attempt to state a violation of HAMP, Plaintiffs allege that they have attempted to negotiate a loan modification with Wells Fargo but Wells Fargo's employees kept losing or claimed that they did not receive the loan documents that Plaintiffs had sent.  (Id. ¶ 8.)  This, according to Plaintiffs, violated Wells Fargo's agreement with the government under the Making Home Affordable Program.

Currently before the Court is Defendants' motion to dismiss Plaintiffs' causes of action.  (Docket No. 5.)  To date, Plaintiffs have failed to file an opposition to Defendants' motion.  The Court **GRANTS** Defendants' motion and explains its reasoning further below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-01441 GAF (AJWx) | Date | October 26, 2010 |
|---|---|---|---|
| Title | Marlon M Gallardo et al v. Wells Fargo Bank NA et al | | |

### III.  DISCUSSION

#### A.  FAILURE TO FILE AN OPPOSITION

Plaintiffs have filed no opposition to Defendants' motion for judgment on the pleadings. On that basis alone, the Court could grant the motion.  See C.D. Cal. R. 7-12 ("failure to file any required paper . . . may be deemed consent to the granting or denial of the motion").  However, in the interest of creating a complete record, the Court will address the merits of the present motion.

#### B.  LEGAL STANDARD

On a motion to dismiss brought pursuant to Rule 12(b)(6), a court must accept as true all factual allegations pled in the complaint, and construe those facts and draw all reasonable inferences therefrom "in the light most favorable to the nonmoving party."  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996); see also Stoner v. Santa Clara County Office of Educ., 502 F.3d 1116, 1120–21 (9th Cir. 2007).  While a complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation, alteration, and internal quotation marks omitted).  Accordingly, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions . . . ."  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009) (citing Twombly, 550 U.S. at 555); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).  The Supreme Court recently clarified in Ashcroft that "only a complaint that states a plausible claim for relief survives a motion to dismiss. . . .  [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief."  129 S. Ct. at 1950.

#### B.  APPLICATION

##### 1.  PLAINTIFFS' TILA CLAIM

Defendants contend that Plaintiffs' TILA claim is time-barred.  A TILA claim for rescission expires "three years after the loan closes or upon the sale of the secured property, whichever date is earlier."  Beach v. Ocwen Fed. Bank, 523 U.S. 410, 411 (1998) (citing 15

**JS-6**
**LINK: 5**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-01441 GAF (AJWx) | Date | October 26, 2010 |
|---|---|---|---|
| Title | Marlon M Gallardo et al v. Wells Fargo Bank NA et al | | |

U.S.C. § 1635(f)). This time-span for seeking rescission is absolute: Section 1635(f) "completely extinguishes the right of rescission at the end of the 3-year period." Id. at 412. A TILA claim for money damages, on the other hand, is subject to a one-year statute of limitations. 15 U.S.C. § 1640(e); Vaughn v. CitiMortgage Inc., 2010 WL 4069359, *1 (E.D. Cal. Oct. 18, 2010). The one-year limitation for money damages "runs from the date of consummation of the transaction but [] the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." King v. State of Cal., 784 F.2d 910, 915 (9th Cir. 1986). "A proponent of equitable tolling need not show affirmative misconduct on behalf of the opposing party; rather all one need show is that by the exercise of reasonable diligence, the proponent could not have discovered essential information bearing on the claim." Ahmad v. World Sav. Bank, 2010 WL 1854108, *1 (E.D. Cal. May 06, 2010) (citing Socop-Gonzalez v. I.N.S., 272 F.3d 1176, 1184 (9th Cir. 2001)). "When a plaintiff fails to allege facts demonstrating that the alleged TILA violations could not have been discovered during the one-year statutory period, equitable tolling should not be applied and dismissal at the pleading stage is appropriate." Sullivan v. JP Morgan Chase Bank, NA, 2010 WL 3505069, *2 (E.D. Cal. Sept. 02, 2010) (citing Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003))

Here, Gallardo executed the loan documents on February 13, 2007, more than three years before he filed his TILA claim. (Compl. ¶¶ 5-6.) Further, Plaintiffs have pled no facts to suggest that the TILA violation could not have been discovered within the one-year statutory period. Therefore, the Court will not equitably toll the one-year limitation period for Plaintiffs' money damages claim under TILA. Lastly, because the three-year time span for seeking rescission is absolute, Beach, 523 U.S. at 412, Plaintiffs' can no longer pursue this remedy either. Thus, because Plaintiffs' TILA claim is time-barred; the Court **GRANTS** Defendants' motion and **DISMISSES** Plaintiffs' TILA claim *without leave to amend*.

### 2. PLAINTIFFS' BREACH OF THE HAMP AGREEMENT CLAIM

Next, Defendants argue that Plaintiffs' breach of the HAMP claim should be dismissed as well because they have no private cause of action under this alleged agreement. Several district courts have reached this conclusion. Aleem v. Bank of America, 2010 WL 532330, *4 (C.D. Cal. Feb. 09, 2010) ("[t]here is no express or implied right to sue fund recipients [] under TARP or HAMP."); see also Phu Van Nguyen v. BAC Home Loan Services, LP, 2010 WL 3894986, *4 (N.D. Cal. Oct. 1, 2010) (holding that "mortgage loan borrowers do not have standing as 'intended beneficiaries' of HAMP . . . ."); Escobedo v. Countrywide Home Loans, Inc., 2009

JS-6
LINK: 5

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-01441 GAF (AJWx) | Date | October 26, 2010 |
|---|---|---|---|
| Title | Marlon M Gallardo et al v. Wells Fargo Bank NA et al | | |

WL 4981618, *1-2 (S.D. Cal. Dec. 15, 2009) (the plaintiff was at most an incidental third party beneficiary of the government contract and therefore lacked standing to sue when he was denied a loan modification) (citing Klamath Water Users Protective Ass'n v. Patterson, 204 F.3d 1206, 1210-11 (9th Cir. 2000)).  The Escobedo court explained that HAMP merely set forth guidelines and does not state that the defendant had to "modify all mortgages that [met] the eligibility requirements."  Id. at *3.

      Here, Plaintiffs, similar to Escobedo, Aleem, and Phu Van Nguyen, argue that because Wells Fargo was a participant of HAMP, it breached the agreement by refusing to modify their loan.  (Compl. ¶ 8.)  However, consistent with the cases discussed above, Plaintiffs do not have standing to pursue a private cause of action against Wells Fargo for allegedly violating the HAMP agreement.  Plaintiffs are merely incidental beneficiaries to the HAMP agreement and therefore cannot pursue this claim against Wells Fargo.  Thus, the Court **GRANTS** Defendants' motion and **DISMISSES** the breach of the HAMP agreement claim *without leave to amend.*

      **3. PLAINTIFFS' DECLARATORY RELIEF CAUSE OF ACTION**

      "A complaint for declaratory relief is legally sufficient if it sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the respective parties under a written instrument and requests that these rights and duties be adjudged by the court."  Maguire v. Hibernia Savings & Loan Soc., 146 P.2d 673, 678 (Cal. 1944); see Leonard Carder, LLP v. Patten, Faith & Sandford, 2010 WL 3961275, *3 (Cal. Ct. App. Oct. 12, 2010); see CAL. CIV. PROC. § 1060.  Here, because the Court has dismissed all of Plaintiffs' substantive federal claims, there no longer exists an actual controversy in this case under federal law.  Thus, the Court **GRANTS** Defendants' motion and **DISMISSES** the declaratory relief cause of action *without leave to amend as to the federal claims only*.

      **4. PLAINTIFFS' CALIFORNIA CIVIL CODE SECTION 2923.5 STATE LAW CLAIM**

      Because the Court has dismissed the federal claims, the remaining claim arises under state law.  The Court declines, in the exercise of its discretion, to consider that claim having "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  Accordingly, the case will be remanded to state court for all further proceedings.[1]

---

[1] Plaintiff has purported to plead the remedies of an accounting and injunction as separate causes of action.  Because they do not constitute causes of action in their own right, they cannot establish a basis for the exercise of federal jurisdiction.  Janis v. California State Lottery Comm'n., 80 Cal. Rptr. 2d 549, 555 (Ct. App.

**JS-6**
**LINK: 5**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-01441 GAF (AJWx) | Date | October 26, 2010 |
|---|---|---|---|
| Title | Marlon M Gallardo et al v. Wells Fargo Bank NA et al | | |

## IV.  CONCLUSION

Based on the foregoing, the Court **GRANTS** Defendants' motion with respect to the federal claims and **DISMISSES** these claims **WITHOUT LEAVE TO AMEND**.  The Court declines to exercise supplemental jurisdiction over the remaining state law claim.  This case is **REMANDED** to San Bernardino Superior Court.

**IT IS SO ORDERED.**

---

1998) (citing Union Bank v. Superior Court, 37 Cal. Rptr. 2d 653, 666 (Ct. App. 1995)) (accounting); Sullivan v. JP Morgan Chase Bank, NA, 2010 WL 2643311, *10 (E.D. Cal. June 30, 2010) (injunction).